UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                   :

**HEIDI McCLURE**,

                       Plaintiff,     :

                                   :       **MEMORANDUM**

           **- against -**          :       **AND ORDER**

                                   :

**JUDGE JACQUELINE WILLIAMS, LISA**  :      23-CV-2415 (AMD) (JRC)
**TROJNAR-YAGEL, LAQUITA HODGES,**
**TAURINA CARPENTER, RASHIMA**        :
**FERGUSON, MARIE NESTOR, DANIELLE**
**BAPTISTE, ADMINISTRATION FOR**       :
**CHILDREN'S SERVICES, POLICE OFFICER**
**HILL, POLICE OFFICER REYNOLDS, 5**    :
**UNKNOWN KINGS COUNTY HOPSPITAL**
**POLICE OFFICERS, CITY OF NEW YORK**  :
and **KINGS COUNTY**,
                     Defendants.   :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff, proceeding *pro se*, filed a complaint on March 29, 2023, alleging that the

defendants removed her child in violation of 42 U.S.C. § 1983 and other federal laws.  (ECF No.

1.)  On the same day, the plaintiff moved for a temporary injunction (ECF No. 3), which I denied

on April 10, 2023 (ECF No. 10).  On May 2, 2023, the plaintiff filed a "Response in Opposition

to the Court's denial of her temporary injunction."  (ECF No. 14.)  Construing the plaintiff's

filing liberally, I interpret it to be a motion for reconsideration.  For the reasons that follow, the

motion is denied.

      A plaintiff may move for reconsideration of an order under Local Civil Rule 6.3 or under

Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  *Shearard v. Geithner*, No. 09-CV-

963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010.)  The standards for relief under the three

rules are nearly identical.  *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-CV-9790,

2013 WL 498812, at *1 (S.D.N.Y. Feb. 11, 2013).  A plaintiff's motion may be granted "only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Hollander v. Members of the Bd. of Regents of the Univ. of the State of New York*, 524 F. App'x 727, 729 (2d Cir. 2013) (discussing Rule 59(e)) (internal quotation marks and citation omitted); *see also Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011) (reconsideration under Rule 6.3 is appropriate to correct clear error, prevent manifest injustice, or upon the availability of new evidence (citation omitted)); *Polanco v. United States*, Nos. 14-CV-1540 & 11-CR-2, 2017 WL 4330373, at *1 (S.D.N.Y. Sept. 27, 2017) (Rule 60(b) allows the court to relieve a party from a final judgment based on a mistake, newly discovered evidence or upon a showing of "extraordinary circumstances" (citations omitted)).  These motions are "extraordinary remed[ies] to be employed sparingly in the interests of finality and conservation of scarce judicial resources," and will not be granted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-CV-3859, 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (citations omitted).

The plaintiff is not entitled to relief under any of these rules, because she has not demonstrated that the Court overlooked any legal or factual issue that would have altered its decision, nor has she identified any extraordinary circumstances that would justify relief from the order.  I denied the plaintiff's request for a temporary injunction because it was barred by the *Younger* abstention doctrine, the domestic-relations abstention doctrine, § 1983's text and the Anti-Injunction Act.  In her motion, the plaintiff cites exceptions to those doctrines, but I

2

considered those exceptions in the April 10th order.  The only new legal argument that the plaintiff advances is an abstract from a Yale Law Journal article, in which the author argues that the domestic-relations doctrine should not apply to federal questions.  But a law journal article is not a "controlling" decision that would warrant reconsideration, *Hollander*, 524 F. App'x at 729 (citation omitted), and the law in this Circuit has long been otherwise, *see Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (domestic-relations doctrine requires district courts to abstain from claims involving federal questions).  Reconsideration is therefore denied.  *See Tanner v. MTA Long Island R.R.*, No. 22-CV-9831, 2023 WL 2889456, at *1-3 (S.D.N.Y. Apr. 10, 2023) (denying a Rule 59(e) motion where the plaintiff did not demonstrate that the Court "overlooked any controlling decisions or factual matters," and a Rule 60(b) motion where the plaintiff did not demonstrate "extraordinary circumstances exist[ed]" to warrant relief); *Pickering-George v. Gazivoda Mgmt. LLC*, No. 22-CV-10397, 2023 WL 1466634, at *1-2 (S.D.N.Y. Feb. 1, 2023) (same); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 11466792, at *1-2 (E.D.N.Y. Mar. 29, 2018) (same).[1]

---

[1]  In the same filing, the plaintiff moves "to strike the arguments and briefs proposed by Defendants' counsel" and requests the Court to remove Magistrate Judge Cho from the case.  (ECF No. 14 at 8, 9.) The defendants have not yet filed any answers, motions or responses to the plaintiff's complaint; the plaintiff's objection is thus premature.  If the defendants move to dismiss, the plaintiff will have an opportunity to respond.  The Court also denies the plaintiff's request to remove Judge Cho.  *See* Local Civil Rule 72.2 ("A Magistrate Judge shall be assigned to each case . . . .").

**CONCLUSION**

The plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly

_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       May 17, 2023

4