UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
**HEIDI McCLURE**,
:
                        Plaintiff,
:
                    - against -
:
**JUDGE JACQUELINE WILLIAMS, LISA TROJNAR-YAGEL, LAQUITA HODGES, TAURINA CARPENTER, RASHIMA FERGUSON, MARIE NESTOR, DANIELLE BAPTISTE, ADMINISTRATION FOR CHILDREN'S SERVICES, POLICE OFFICER HILL, POLICE OFFICER REYNOLDS, 5 UNKNOWN KINGS COUNTY HOPSPITAL POLICE OFFICERS, CITY OF NEW YORK** and **KINGS COUNTY**,
:
                        Defendants.
:
------------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

23-CV-2415 (AMD) (JRC)

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff, proceeding *pro se*, filed a complaint on March 29, 2023, alleging that the defendants removed her child in violation of 42 U.S.C. § 1983 and other federal laws. (ECF No. 1.) On the same day, the plaintiff moved for a temporary injunction. (ECF No. 3.) I denied the injunction on April 10, 2023, because the relief the plaintiff sought was barred by the *Younger* abstention doctrine, the domestic-relations abstention doctrine, the text of § 1983 and the Anti-Injunction Act. (ECF No. 10.) The plaintiff filed a motion for reconsideration (ECF No. 14), which I also denied on May 17, 2023. (ECF No. 15).

      The plaintiff has now filed four new motions for a preliminary injunction and a temporary restraining order, as well as numerous documents accompanying the motions. (*See* ECF Nos. 27, 28, 34, 35, 36, 37, 38, 39, 40.) All four motions are identical in substance. They ask the Court to order all of the defendants "to provide the Actual, Apparent & Inherent

1

Authority that they have given to the attorney acting on their behalf" and, if they do not, "bar" defendants' counsel "from appearing in this case." (ECF No. 27 at 1; *see also* ECF Nos. 28, 34, 38.) In particular, the plaintiff asks to see "the operating agreement and bylaws granted by their supervising agency, which shows the ratification of the decision to hire said attorney to litigate on their behalf, via the minutes from a board meeting reflecting said ratification." (ECF No. 34-1 at 2.)[1]  For the reasons that follow, the motions are denied, and the plaintiff is warned against abusing the Court's resources by filing repetitive, duplicative and frivolous motions.

A party seeking an injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest. *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015).

"[I]rreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l. Inc.*, 903 F.2d 904, 907 (2d Cir. 1990).  The plaintiff does not allege any immediate or irreparable harm that will occur if counsel for defendants do not produce their representation agreements.  Indeed, she leaves that part blank on the *pro se* preliminary injunction form.  (ECF No. 36.)  This is reason enough to deny her motions.

In any event, the plaintiff cannot succeed on the merits, because she does not provide any authority for this Court's interference in the hiring and representation decisions made by the New York State Courts, New York City agencies or private organizations.  Instead, she cites laws from Texas, Alabama, Washington and Minnesota, and argues that this Court must abide by

---

[1]  The filing at Docket Number 38 is titled "Opposition to Attorney Sutro's 29 Motion to Dismiss the Complaint and Motion to Strike Unauthorized Attorney," but the only ground for opposition that the plaintiff offers is that counsel has no authority to represent the defendant.

those laws because of the Full Faith and Credit Clause of the United States Constitution. (ECF No. 34-4 at 4–6.)

First, the Full Faith and Credit Clause merely requires federal courts to afford "a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); 28 U.S.C. § 1738. The Clause does not say anything about how the federal courts are to apply state laws, especially procedural ones.

Second, the laws on which the plaintiff relies allow relief only "when reasonable grounds are shown," but the plaintiff does not provide any reasons to doubt that counsel lacks authority to represent their clients in this case. (ECF No. 34-4 at 4–6.) She says that the relief is necessary because "Kings County Family Court and Administration for Children Services are threatening to kidnap [her] daughter again if her private family does not comply with their harmful visits that re-traumatize their daughter and their unwarranted requests for psychological evaluations for both [the plaintiff] and her daughter." (ECF No. 37.) But that has nothing to do with counsel's authority. The request for preliminary injunction is denied.[2]

\*　　\*　　\*

The plaintiff filed four nearly identical motions. This is also her third request for expedited relief—without any explanation as to why immediate action is needed. Each filing takes up valuable court resources, interfering with the Court's ability to consider the merits of the plaintiff's case, not to mention the rest of the Court's docket. Accordingly, the plaintiff is warned against abusing the Court's resources. The plaintiff is hereby on notice that future

---

[2] The plaintiff also cites a provision of New York State's Civil Practice Law and Rules related to requirements for plaintiffs' attorneys appearing in real property actions in New York State courts. It is not relevant to this action.

3

repetitive and meritless filings will result in a filing injunction. *See In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir.1981) (per curiam) ("The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." (cleaned up)).

Although the plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is requested to terminate the motions filed at Docket Numbers 27, 28, 34 and 38 and to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 7, 2023