```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
HEIDI MCCLURE,                                    :
                                                  :
                         Plaintiff,               :
                                                  :   MEMORANDUM AND ORDER
          -against-                               :
                                                  :   No. 23-CV-2415-RPK-JRC
JUDGE JACQUELINE WILLIAMS, JUDGE ROBERT           :
HETTELMAN, LISA TROJNAR-YAGEL, LAQUITA            :
HODGES, TAURINA CARPENTER, RASHIMA                :
FERGUSON, MARIE NESTOR, DANIELLE                  :
BAPTISTE, JOSHUA CLARKE, ADMINISTRATION           :
FOR CHILDREN'S SERVICES, POLICE OFFICER           :
HILL, POLICE OFFICER REYNOLDS, 5 UNKNOWN          :
KINGS COUNTY HOPSPITAL POLICE OFFICERS,           :
CITY OF NEW YORK and KINGS COUNTY,                :
                                                  :
                         Defendants.              :
------------------------------------------------------------------- x
```

JAMES R. CHO, United States Magistrate Judge:

Plaintiff Heidi McClure ("plaintiff") commenced this action against various defendants for actions taken in the course of a removal proceeding brought pursuant to Article X of the New York State Family Court Act. *See generally* Dkt. 57 ("Am. Compl."). Plaintiff brings claims against the following defendants, among others: New York City Administration for Children's Services, the City of New York, Rashima Ferguson, Taurina Carpenter, Laquita Hodges, and Lisa Trojnar-Yagel (collectively, "Municipal Defendants"); three employees of an organization called Rising Grounds, defendants Marie Nestor, Danielle Baptiste and Joshua Clarke (collectively, "Rising Grounds Defendants"); and two judges of the Kings County Family Court, Jacqueline Williams and Robert Hettelman (collectively, "Judicial Defendants"). Plaintiff seeks damages for the alleged wrongful removal of her minor child.

On multiple occasions, throughout this litigation, plaintiff has questioned whether

counsel for defendants have the authority to represent their respective clients, and filed motions requesting that the Court order defendants to provide proof that defendants have authorized their respective attorneys to act on defendants' behalf, including the attorneys' representation agreements.  On August 7, 2023, the Court denied plaintiff's motions.  *See* Mem. and Order (the "August 2023 Order"), Dkt. 41.  In denying plaintiff's motions, the Court held that plaintiff failed to "provide any authority for this Court's interference in the hiring and representation decisions made by the New York State Courts, New York City agencies or private organizations."  August 2023 Order, Dkt. 41, at 2.  The Court also found that plaintiff failed to "provide any reasons to doubt" the attorneys' "authority to represent their clients in this case."  *Id.* at 3.

Notwithstanding the Court's August 2023 Order, plaintiff filed a motion on November 21, 2023, requesting subpoenas in an attempt to obtain information about the defendants' attorneys' authority to represent defendants.  *See* Dkt. 59.  Plaintiff thereafter served subpoenas seeking information from Jason William Imbiano ("Imbiano") and Mark Galen Toews ("Toews"), the attorneys with the New York City Law Department representing the Municipal Defendants, and Alice Spitz, the attorney representing the Rising Grounds Defendants.  *See* Subpoenas *Duces Tecum* of Mark Towes and Jason Imbiano, dated December 6, 2023, Dkt. 61, Ex. A at ECF pages[1] 5, 6; Subpoena *Duces Tecum* of Alice Spitz, dated December 28, 2023, Dkt. 73, Ex. A at ECF pages 6–7.

In directing the subpoenas to the attorneys, plaintiff requested production of "all documents held that evidences [*sic*] that your representation in the action or proceeding affecting the property or interests of the state in Docket # 1:23-CV-02415-RPK in which you allege to

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

2

represent your client(s) was instituted, defended or conducted with a notice to the attorney general . . . ." Dkt. 59 at ECF pages 2, 3; Dkt. 73 at ECF page 7.  Further, plaintiff directed defendants' counsel to "[p]roduce the record of all documents held that evidences [*sic*] that your representation in the action . . . has been authorized by your governing body via the minutes from the board meeting in which you were chosen to represent this case." *Id*.  Plaintiff served subpoenas on Imbiano and Toews on December 7, 2023, Dkt. 61, Ex. A at ECF pages 5, 6, and served a subpoena on Spitz on December 29, 2023, Dkt. 73, Ex. A at ECF pages 6–7.  *See* Mot. to Quash, Dkt. 61 at ECF pages 1–2; Mot. to Quash, Dkt. 73 at ECF pages 1–2.

The Municipal Defendants and Rising Grounds Defendants moved to quash the subpoenas.  Dkt. 61 (Municipal Defendants); Dkt. 73 (Rising Grounds Defendants).  For the reasons set forth below, the Court grants the motions to quash the subpoenas (Dkts. 61, 73), and denies plaintiff's motion for subpoenas (Dkt. 59).

## Discussion

The Court views plaintiff's subpoenas served on defendants' attorneys as an impermissible attempt at an end-run around the Court's August 2023 Order (Dkt. 41) denying her request that defendants' attorneys produce information regarding their authority to represent their respective clients.  For this reason alone, the Court grants the motions to quash the subpoenas.  Even if the Court were to address the other issues raised in the motions to quash, the Court still would grant the motions to quash for the reasons set forth below.

First, the subpoenas served on attorneys for the Municipal Defendants failed to provide them with sufficient time to respond.  *See* Dkt. 61, Ex. A at ECF pages 5, 6 (subpoenas dated 12/6/2023 requested response by 12/7/2023); Fed. R. Civ. P. 45(d)(3)(A)(i) (a subpoena must be quashed if it fails to allow for a reasonable time to comply).

3

Second, information regarding the authority of counsel to represent the Municipal Defendants or the Rising Grounds Defendants is not relevant to the claims or defenses in this action.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case . . . ." (emphasis added)); *Chen v. SS&C Techs., Inc.*, No. 22-CV-02190, 2023 WL 2387112, at *3 (S.D.N.Y. Mar. 7, 2023) ("On a motion to quash, [t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." (alternation in original) (internal quotation marks and citation omitted)).

Third, as it relates to the Municipal Defendants, their counsel has advised the Court that the Office of the Corporation Counsel is authorized to represent the Municipal Defendants (citing New York City Charter § 394).  See Mot. to Quash, Dkt. 61 at ECF pages 2–3.  Plaintiff has offered no argument that causes the Court to question that Toews and Imbiano are authorized to represent the Municipal Defendants.

As it relates to the Rising Grounds Defendants, those defendants "do not work for the City or the State of New York" and their legal representation is not connected to the "attorney general" or any "governing body" or "governing agency."  Mot. to Quash, Dkt. 73 at ECF page 3.  As the Court previously held in its August 2023 Order, the Court has no reason to interfere with private organizations' choice of counsel.  See August 2023 Order, Dkt. 41, at 2.

Finally, to the extent plaintiff seeks communications between the client defendants and counsel for the purposes of providing legal advice and information relating to the attorneys' representation of these defendants, even if relevant, these communications are protected by the attorney-client privilege.  See Fed. R. Civ. P. 26(b)(1).

4

**Conclusion**

For the reasons set forth above, the Court grants the motions to quash (Dkts. 61, 73) and denies plaintiff's motion for subpoenas (Dkt. 59).[2]

The Clerk's Office is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED**

Dated: Brooklyn, New York
September 25, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge

---

[2] To the extent plaintiff sought to subpoena Steven Adam Sutro ("Sutro") regarding his representation of the Judicial Defendants, Dkt. 59, the Court denies plaintiff's motion as it relates to Sutro as moot.  The Court granted Sutro's withdrawal from this action on July 24, 2024, and he no longer represents the Judicial Defendants.  *See* Dkt. 105; Order dated July 24, 2024.

5