```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
HEIDI MCCLURE,                                    :
                                                  :
                        Plaintiff,                :
                                                  :        ORDER
            -against-                             :
                                                  :        No. 23-CV-2415-RPK-JRC
JUDGE JACQUELINE WILLIAMS, JUDGE ROBERT           :
HETTELMAN, LISA TROJNAR-YAGEL, LAQUITA            :
HODGES, TAURINA CARPENTER, RASHIMA                :
FERGUSON, MARIE NESTOR, DANIELLE                  :
BAPTISTE, JOSHUA CLARKE, ADMINISTRATION           :
FOR CHILDREN'S SERVICES, POLICE OFFICER           :
HILL, POLICE OFFICER REYNOLDS, 5 UNKNOWN          :
KINGS COUNTY HOPSPITAL POLICE OFFICERS,           :
CITY OF NEW YORK and KINGS COUNTY,                :
                                                  :
                        Defendants.               :
-------------------------------------------------------------------- x
```

JAMES R. CHO, United States Magistrate Judge:

On September 9, 2024, plaintiff Heidi McClure ("plaintiff") moved to disqualify the undersigned pursuant to 28 U.S.C. § 455 in response to the undersigned's Report and Recommendation dated August 26, 2024 (Dkt. 107). Mot. to Disqualify, Dkt. 108 at 1 (plaintiff moves to "disqualify . . . Magistrate Judge Cho . . . due to insufficient legal grounds in his 'report and referral'"). For the reasons set forth below, the undersigned denies plaintiff's motion to disqualify (Dkt. 108).

## Legal Standard

Magistrate judges shall disqualify themselves under 28 U.S.C. § 455(a) "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge's disqualification pursuant to 28 U.S.C. § 455(a), where the judge's "impartiality might reasonably be questioned," is rare and limited to circumstances where the alleged partiality or

bias stems from an extrajudicial source or is "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. at 555. More than mere dissatisfaction with a Court's rulings is required to establish a basis for recusal. Indeed, such rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required. . . ." *Id*.

In determining whether recusal is warranted under 28 U.S.C. § 455(a), the appropriate standard is objective reasonableness, or whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted); *Dixon v. Leonardo*, 886 F. Supp. 987, 989-90 (N.D.N.Y. 1995) ("When construing whether recusal is appropriate under section 455(a), courts are to apply an objective test" to determine "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might be reasonably be questioned.") (quotation marks and citation omitted). A judge has an obligation to stay on a case when there is no basis for recusal. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is").

## Discussion

This is not the first time plaintiff has attempted to remove the undersigned from this action. *See* Dkts. 8, 14 at 8 ("This is my second request to have . . . Magistrate Judge Cho removed from my case."). Judge Ann M. Donnelly previously denied plaintiff's request to have the undersigned removed. *See* May 17, 2023 Mem. and Order, Dkt. 15, at 3 n.1 (denying request to remove the undersigned) (citing Local Civil Rule 72.2 ("A Magistrate Judge shall be assigned

2

to each case . . . .")).

In plaintiff's most recent motion to disqualify the undersigned, plaintiff argues for disqualification based on the undersigned's (1) "continued involvement in this case, without [plaintiff]'s consent," (2) "fail[ure] to enforce the requirement that all attorneys must demonstrate their authority," and (3) reliance "on statutes and codes that do not apply to private people such as [plaintiff] and [her] family." *See* Mot. to Disqualify at 1-5, 9.  The asserted grounds for disqualification lack merit.

First, the undersigned's authority to make "a recommendation for the disposition of this case . . . [is] expressly authorized by 28 U.S.C. § 636(b)(1)(B)" and section 636(c), on which plaintiff relies, "is not applicable in the instant case because the magistrate [judge] is not exercising full civil jurisdiction." *Dixon*, 886 F. Supp. at 989.

Second, plaintiff's assertion regarding a supposed duty for attorneys to demonstrate their authority is unpersuasive for the reasons already explained in a prior order issued in this case by Judge Donnelly (Aug. 7, 2023 Mem. & Order, Dkt. 41), and the undersigned (Sept. 25, 2024 Order granting motions to quash, Dkt. 109).

Third, plaintiff's argument for disqualification based on the undersigned's Report and Recommendation (Dkt. 107) is unpersuasive.  While plaintiff may not agree with the undersigned's findings set forth in the Report and Recommendation, "judicial rulings alone . . . almost never constitute a valid basis for a bias or partiality motion" and "only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal.  *Liteky*, 510 U.S. at 555; *see, e.g., Anthes v. Nelson*, 763 F. App'x 57, 59 (2d Cir. 2019) ("The district court correctly determined that Anthes's motion was meritless because adverse rulings [and] citations to applicable cases . . . do not demonstrate bias.").  It appears that plaintiff seeks to disqualify the

3

undersigned because she disagrees with the undersigned's Report and Recommendation. However, a judge cannot be disqualified under section 455(a) simply because a party takes issue with a judge's rulings. *See Liteky*, 510 U.S. at 555.

## Conclusion

For the reasons set forth above, the undersigned denies plaintiff's motion to disqualify (Dkt. 108). The Clerk's Office is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED**

Dated: Brooklyn, New York
       September 26, 2024

                                            s/ James R. Cho
                                            James R. Cho
                                            United States Magistrate Judge

4