```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
HEIDI MCCLURE,                                    :
                                                  :
                     Plaintiff,                   :
                                                  :    ORDER
         -against-                                :
                                                  :    No. 23-CV-2415-RPK-JRC
JUDGE JACQUELINE WILLIAMS, JUDGE ROBERT            :
HETTELMAN, LISA TROJNAR-YAGEL, LAQUITA             :
HODGES, TAURINA CARPENTER, RASHIMA                 :
FERGUSON, MARIE NESTOR, DANIELLE                   :
BAPTISTE, JOSHUA CLARKE, ADMINISTRATION            :
FOR CHILDREN'S SERVICES, POLICE OFFICER            :
HILL, POLICE OFFICER REYNOLDS, 5 UNKNOWN           :
KINGS COUNTY HOPSPITAL POLICE OFFICERS,            :
CITY OF NEW YORK and KINGS COUNTY,                 :
                                                  :
                     Defendants.                  :
-------------------------------------------------------------------- x
```

JAMES R. CHO, United States Magistrate Judge:

Plaintiff has served and filed a compilation of documents collectively referred to as "TRUST DOCS." Dkts. 86-1 through 86-13, 87 at Ex. B (ECF pages[1] 7-34), 81. Defendants New York City Administration for Children's Services, the City of New York, Rashima Ferguson, Taurina Carpenter, Laquita Hodges and Lisa Trojnar-Yagel (collectively, "Municipal Defendants"), and three employees of an organization called Rising Grounds, defendants Marie Nestor, Danielle Baptiste and Joshua Clarke (collectively, "Rising Grounds Defendants")[2] object to the TRUST DOCS to the extent they seek discovery, and have moved to vacate, strike, or deem null and void the TRUST DOCS. For the reasons set forth below, the Court grants Defendants' motions. Dkts. 86, 87.

---

[1] Citations to "ECF page" refer to the page designated by the Court's Electronic Case Filing system.
[2] Municipal Defendants and Rising Grounds Defendants are referred to together as "Defendants."

**Discussion**

The TRUST DOCS contain a "Notice of Trustee(s) Acknowledgment of Appointment" ("notice") form in which plaintiff suggests that she and her minor child created an "ESTATE TRUST." Dkts. 86-2, 87 at ECF pages 9–10. Plaintiff forwarded the notice to the Defendants and their counsel requesting that they "acknowledge and accept [their] appointment as trustee(s)." *Id*. (Plaintiff also sought to "appoint This Honorable Court" as "Trustee" of the "Estate Trust." Dkts. 86-1 at ECF page 2, 81 at ECF page 1.) In the notice, plaintiff requested "a copy of the governing trust instrument." Dkts. 86-2, 87 at ECF pages 9–10. Plaintiff separately requested a "detailed breakdown of the financial and operational aspects of the trust or estate" through a Bill of Particulars, Dkts. 86-4, 86-12 at ECF page 4, 87 at ECF pages 13–14, and "relevant information and procedures" with respect to a purported "redemption process," Dkts. 86-5, 87 at ECF pages 15–16. Plaintiff also submitted information regarding her alleged damages, Dkts. 86-6, 86-7, 86-10, 86-11, 86-13, 87 at ECF pages 17–20, 25–30.

To the extent plaintiff seeks discovery, as set forth in the notice and Bill of Particulars, including production, among other things, of a purported "trust instrument," Dkts. 86-2, 87 at ECF pages 9–10, and "financial and operational" information regarding the trust, Dkts. 86-4, 87 at ECF pages 13–14, the Court sustains the objections and denies the discovery requests. Trust-related information is not relevant to the claims or defenses in this action where plaintiff seeks relief in connection with the removal of her minor child. *See* Fed. R. Civ. P. 26(b)(1). Further, there is no indication that a legitimate trust was created with any of the Defendants serving as "trustees," and Defendants and their attorneys have not consented to serve as trustees. Dkts. 86-14, 87 at ECF page 3. The Court views plaintiff's unilateral attempt to "appoint" Defendants and their attorneys as trustees of a purported trust as nothing more than an attempt to

harass them. To the extent plaintiff attempted to impose any legal obligations on Defendants, or this Court, through the TRUST DOCS, the Court vacates, strikes or deems null and void plaintiff's TRUST DOCS that are unrelated to the issues presented in this action. *See* Dkt. 86 at ECF page 1.

Plaintiff also submitted an "Affidavit of Correction of Record" to correct "errors or inaccuracies" in a document "recorded on March 29, 2023" including "[e]verything that was PREVIOUSLY stated/recorded before." Dkts. 86-12 at ECF page 2–3, 87 at ECF pages 31–32, 81 at ECF pages 20–21. Plaintiff has failed to identify with any specificity the document or information she seeks to correct. The Court notes that plaintiff filed her original complaint on March 29, 2023. To the extent plaintiff seeks to amend her original complaint, her request is moot because the Court already granted plaintiff's motion to amend the original complaint (Dkt. 57) by Order dated November 22, 2023.

Finally, the Court reminds plaintiff that she is not permitted to communicate directly with the represented Defendants in this action, and that she should direct all future communications to their counsel of record.

## Conclusion

For the reasons set forth above, the Court grants the motion to vacate plaintiff's "TRUST DOCS," Dkt. 86, and sustains Defendants' objections to the "TRUST DOCS," Dkts. 86, 87.

The Clerk's Office is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED**

Dated: Brooklyn, New York
       September 27, 2024

                                          s/ James R. Cho
                                          James R. Cho
                                          United States Magistrate Judge